**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| MATTHEW RYAN CULWELL,        ) | |
| )                              | |
| **Plaintiff,**     ) | |
| )                              | |
| vs.                          ) | Case No. 20-cv-00501-JPG |
| )                              | |
| MASSAC COUNTY SHERIFF'S DEPT., ) | |
| )                              | |
| **Defendant.**     ) | |

## MEMORANDUM & ORDER

**GILBERT, District Judge:**

Plaintiff Matthew Culwell filed this action pursuant to 42 U.S.C. § 1983 for unconstitutional conditions of confinement at Massac County Sheriff's Department. (Doc. 1, p. 6). In the Complaint, Plaintiff claims he fell from a broken bunk bed and sustained a head injury. (*Id*.). He seeks money damages from the defendant. (*Id*. at 7).

The Complaint is now before the Court for preliminary review under 28 U.S.C. § 1915A, which requires the Court to screen prisoner Complaints and filter out non-meritorious claims. 28 U.S.C. § 1915A(a). Any portion of the Complaint that is legally frivolous or malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations are liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## The Complaint

Plaintiff makes the following allegations in the Complaint: On March 20, 2020, Plaintiff was injured when he fell from the top bunk at Massac County Sheriff's Department. (Doc. 1, p. 6). As he climbed into his bed, the bunk "fell away from the wall" and caused him to fall and hit his

head. (*Id*.). Plaintiff's cellmates called for help, and Officer Dalton responded. (*Id*.). Plaintiff was transported to the hospital, where he received four stitches. (*Id*.).

## Discussion

Based on the allegations, the Court finds it convenient to designate the following count in the *pro se* Complaint:

> **Count 1:** Defendant Massac County Sheriff's Department subjected Plaintiff to unconstitutional conditions of confinement by requiring him to sleep in a broken bunk bed that caused him to sustain a head injury on March 20, 2020.

**Any other claim that is mentioned in the Complaint but not addressed herein is considered dismissed without prejudice as inadequately pled under *Twombly*.**[1]

The applicable legal standard for this conditions-of-confinement claim depends on Plaintiff's status as a pretrial detainee or prisoner during his detention at Massac County Sheriff's Department. The Fourteenth Amendment Due Process Clause governs claims of pretrial detainees and prohibits conditions that amount to punishment. *Smith v. Dart*, 803 F.3d 304 (7th Cir. 2015); *Budd v. Motley*, 711 F.3d 840, 842 (7th Cir. 2013). The Eighth Amendment governs claims brought by convicted persons and prohibits conditions that rise to the level of cruel and unusual punishment. *Id*. The Complaint does not survive screening under either standard.

Plaintiff names Massac County Sheriff's Department as a defendant, but he does not explain what this defendant did, or failed to do, to violate Plaintiff's rights. His designation of the sheriff's department as a defendant may represent an attempt to hold the government body liable for his injuries. *See Monell v. Dep't of Soc. Servs. of New York*, 436 U.S. 658, 690, 694 (1978). In this context, Section 1983 liability arises from the execution of a government policy or custom

---

[1] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

that causes a constitutional injury. *Id*. However, Plaintiff points to no such policy or custom. Further, the doctrine of *respondeat superior* is inapplicable in actions brought pursuant to Section 1983. *Kinslow v. Pullara*, 538 F.3d 687, 692 (7th Cir. 2008). Therefore, a defendant cannot be held liable for a constitutional deprivation caused by an employee or subordinate. Plaintiff is instead required to name those individuals who were actually involved in or responsible for the constitutional deprivations (*e.g.*, officers, staff, etc.). He should also describe what each individual did, or did not do, to violate his rights. Plaintiff has identified no individual whose acts or omissions resulted in the deprivation of his constitutional rights. Accordingly, Count 1 is dismissed without prejudice.

## Disposition

**IT IS HEREBY ORDERED** that the Complaint, including **COUNT 1**, is **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that Defendant **MASSAC COUNTY SHERIFF'S DEPARTMENT** is **DISMISSED** without prejudice because the Complaint fails to state any claim for relief against this defendant.

Plaintiff is **GRANTED** leave to file a "First Amended Complaint" on or before **September 2, 2020**. Should Plaintiff fail to file his First Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the entire case shall be dismissed with prejudice for failure to comply with a court order and/or for failure to prosecute his claims. FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2). The dismissal shall also count as one of Plaintiff's three allotted "strikes" under 28 U.S.C. § 1915(g).

It is strongly recommended that Plaintiff use the civil rights complaint form designed for use in this District. Plaintiff should label the form "First Amended Complaint," and he should use

the case number for this action (No. 20-cv-00501-JPG). To enable Plaintiff to comply with this Order, the **CLERK** is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

An amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004). Therefore, the First Amended Complaint must stand on its own without reference to any previous pleading. Plaintiff must re-file any exhibits he wishes the Court to consider along with it. The First Amended Complaint is also subject to review pursuant to 28 U.S.C. § 1915A.

Plaintiff is further **ADVISED** that the obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee remains due and payable, regardless of whether Plaintiff files a First Amended Complaint. 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this Order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED**.

**DATED: 8/5/2020**

s/J. Phil Gilbert
**J. PHIL GILBERT**
**United States District Judge**